```
JOHN P. BOGGS, Bar No. 172578
FINE, BOGGS & PERKINS LLP
80 Stone Pine Road, Suite 210
Half Moon Bay, CA 94019
Telephone: (650) 712-8908
Facsimile: (650) 712-1712
E-Mail:  jboggs@employerlawyers.com

Attorneys for Defendant
UAG ESCONDIDO A1, INC.
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA — SAN DIEGO

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UAG ESCONDIDO A1 INC, a Delaware corporation, dba ACURAOFESCONDIDO.COM and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'23CV0102 DMS KSC**<br><br>[Removal of San Diego County Superior Court Case No. 37-2022-0047997-CU-MT-CTL]<br><br>**UAG ESCONDIDO A1, INC.'s NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>**[CAFA JURISDICTION]**<br><br>Complaint Filed: Nov. 30, 2022 |

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS:**

**PLEASE TAKE NOTICE** that defendant UAG ESCONDIDO A1 INC. ("Defendant" or "UAG") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. UG is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

**State Court Action**

1. On November 30, 2022, Plaintiff Miguel Esparza ("Esparza" or "Plaintiff") commenced a putative class action in the Superior Court of California, County of San Diego, Case No. 37-2022-0047997-CU-MT-CTL (the State Court Action). A true and correct copy of the complaint in the State Court Action is attached hereto as Exhibit 1 (the Complaint). UAG is the named Defendant in the State Court Action.

2. Plaintiff seeks to certify a California class, consisting of: "All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." Compl., ¶ 22.

3. Plaintiff asserts claims for: (1) violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; and (2) violations of CIPA, Cal. Penal Code § 632.7. *Id.*, ¶¶ 28-41.

4. Plaintiff seeks injunctive relief, statutory damages, punitive damages, and attorneys' fees and costs. *See id,* at pg. 9:19-28.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders entered in the State Court Action is attached hereto as **Exhibit A**.

6. By removing the action to this Court, Defendant does not waive defenses that are available under state or federal law.

7. Promptly after filing this Notice of Removal, Defendant will provide written notice of removal of this action to Plaintiff through his attorneys of record in the State Court Action, and it will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California, County of San Diego in the State Court Action, as required by 28 U.S.C. § 1446(d). A copy of Defendant's Notice to State Court and Adverse Party of Removal from State Court to the United States District Court of the Southern District of California (without exhibits) is attached to this Notice of Removal as **Exhibit B.**

8. The State Court Action is removable to this Court because the Court has original jurisdiction and the Southern District of California encompasses the location in which the State

Court Action is currently pending (*i.e.*, San Diego County, California). *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## The Action Is Removable Under the Class Action Fairness Act, 28 U.S.C. § 1332(d)

9. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance . . . ." 28 U.S.C. § 1711, stat. note, subd. (b)(2).

10. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5,000,000; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, this case meets each of these requirements.

***The Minimal Diversity Requirement Is Satisfied***

12. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

13. Mr. Esparza, the putative class representative, is a citizen and resident of California. (Compl. ¶ 4.)

14. UAG is a corporation incorporated in Delaware. A corporation is a citizen of the state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1). Thus, UAG is a citizen of Delaware for determining minimal diversity.

15. Putative class members can be citizens of any state (and all states) based on the face of the Complaint. Plaintiff implicitly acknowledges that the class definition encompasses persons who used the chat feature from within the state of California, but who are not citizens of California by not specifically limiting the class to "citizens of California.". Where, as here, plaintiff does not specify that he seeks to certify a class of "citizens" of a particular state, courts will not assume that the plaintiff class is limited to citizens of that state. *Turner v. Corinthian Int'l Parking Servs., Inc.*, No. C 15-03495 SBA, 2015 WL 7768841 (N.D. Cal. Dec. 3, 2015) (denying motion to remand where "pleadings d[id] not expressly allege that non-California citizens are excluded from the class definition"). *King v. Safeway, Inc.*, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 22, 2008) (denying Plaintiff's motion to remand where class was defined as "[a]ll persons in the State of California who purchased [the product during the relevant time period]"); *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, 2007 WL 3341698 at *5 (S.D. Iowa 2007) (finding class of "[a]ll persons and entities in the state of Iowa" who purchased certain seed products was not limited to citizens of Iowa); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (denying motion to remand where Plaintiff sought to certify a class of Massachusetts "residents" because such a class may "include . . . [non-Massachusetts] citizens who resided in Massachusetts during

that period[.]"); *Taylor v. Certified Legal Funding, Inc.*, 2018 WL 3860243, at *2 (M.D. Fla. July 3, 2018) (denying motion to remand where class was defined as persons who "'entered into' an investment agreement with Defendant 'in the State of Florida'").Thus, because Plaintiff's class definition does not limit itself to "citizens" of California, and the Court cannot assume that the putative class consists of only California citizens, minimal diversity exists between the putative class and Defendant.

16. The "Doe" Defendants listed by Mr. Esparza in the caption are fictitious defendants and therefore ignored in the diversity analysis. 28 U.S.C. § 1441(b)(1).

17. Therefore, as Mr. Esparza being a citizen of a state (California) different from that of Defendant (Delaware) diversity of citizenship exists between the relevant parties in this case.

### *Mr. Esparza's Proposed Class Exceeds 100 Members*

18. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."

19. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

20. Mr. Esparza seeks to represent a class composed of "[a]ll persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent" (Compl. ¶ 22.)

21. According to Mr. Esparza's Complaint, absent class members number in the thousands,

"if not more." (*Id.* ¶ 23.) This exceeds the 100-member threshold.

### The Amount in Controversy Exceeds $5,000,000

22. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

23. For purposes of removal only, and without conceding Mr. Esparza or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharmacy, Inc.*, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (alterations and quotations omitted).

24. The Complaint seeks statutory damages pursuant to California Penal Code § 631(a) and § 632.7, both of which allow for a fine of $2,500 per CIPA violation. (Compl. at ¶ 28-41.) Mr. Esparza alleges that Defendant's conduct constitutes "independent and discreet (sic) violations" of both statutory provisions Compl. at ¶ 33, 41. Mr. Esparza also alleges he "believes the number [of absent class members] to be in the thousands, if not more." (*Id.* ¶ 22.) Even assuming each putative class member used the chat box only once, these allegations put at least $10,000,000 in controversy ($2,500 x 2,000 putative class members x 2 statutory violations alleged). Thus, without conceding that Mr. Esparza's alleged measure of damages would be the proper measure of relief for any of his claims, or that he or any putative class member are entitled to any relief, it

is reasonably possible UAG could be liable for statutory damages exceeding $10,000,000 on the statutory violations alone. This alone suffices to meet the CAFA amount in controversy threshold. *See Aram Adzhikosyan v. AT&T Corp.*, 2021 U.S. Dist. LEXIS 241791, at *9 (C.D. Cal. Dec. 17, 2021) (amount in controversy met where CIPA statutory damages exceeded $5,000,000).

25.     The Complaint also seeks "punitive damages" (Compl. at p. 9). At least one court has awarded punitive damages pursuant to California Civil Code § 3294 at a rate of $2,500 per CIPA offense. *See Condon v. Condon*, 2008 U.S. Dist. LEXIS 145224, at *20 (C.D. Cal. June 6, 2008). This is well within the range of appropriate punitive damages recognized in this Circuit. *See Guadarrama v. Chadorbaff*, 2018 U.S. Dist. LEXIS 226401, at *28–29 (C.D. Cal. Apr. 30, 2018) ("Although, the appropriate ratio of punitive to compensatory damages will vary from case to case, many courts in the Ninth Circuit have found a ratio of three to one appropriate.") (citations omitted). Thus, without conceding that Mr. Esparza's alleged measure of damages would be the proper measure of relief for any of his claims, or that he or any putative class member are entitled to any relief, it is reasonably possible UAG could be liable for punitive damages exceeding $10,000,000 in punitive damages.

26.     The Complaint also seeks attorneys' fees. (Compl. at p. 7.) In the Ninth Circuit, the amount in controversy includes likely attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). A removing defendant can establish the likely attorneys' fees by identifying cases in which plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) ("Based on [defendant's] evidence that [plaintiff's] attorney sought 35 percent in a similar case, it is reasonable to assume that [plaintiff's] attorney would seek fees equal to 25 percent of the amount in controversy if he were to prevail."). Mr. Esparza's attorneys sought attorneys' fees equal to 25 percent of the common fund in another consumer class action alleging California statutory violations. *See Kissel v. Code 42 Software Inc.*, 2018 U.S. Dist. LEXIS 221591, at *13 (C.D. Cal. Feb. 20, 2018) (awarding 25 percent of settlement fund in consumer class action challenging automatic renewal policy). This comports with the Ninth

Circuit benchmark. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (in class actions producing a common fund, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award"). Accordingly, the amount in controversy here includes attorneys' fees in the amount of 25 percent of the possible common fund. Because it is reasonably possible a theoretical common fund will exceed $20,000,000 (statutory and punitive damages), attorneys' fees would amount to at least $5,000,000.

27. In sum, based on Mr. Esparza's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

WHEREFORE, UAG removes the State Court Action to this Court.

Dated: January 19, 2023         FINE BOGGS & PERKINS LLP

                                /s/ *John P. Boggs*

                                _____
                                John P. Boggs, Esq.
                                Attorneys for Defendant