JOHN P. BOGGS, Bar No. 172578
FINE, BOGGS & PERKINS LLP
80 Stone Pine Road, Suite 210
Half Moon Bay, CA  94019
Telephone: (650) 712-8908
Facsimile: (650) 712-1712
E-Mail:  jboggs@employerlawyers.com

Attorneys for Defendant
UAG ESCONDIDO A1, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA — SAN DIEGO**

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UAG ESCONDIDO A1 INC, a Delaware corporation, dba ACURAOFESCONDIDO.COM and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  3:23-cv-00102-DMS-KSC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: April 7, 2023<br>TIME: 1:30 P.M.<br>Judge: Hon. Dana Sabraw<br>Place: 13A<br><br>Complaint Filed: Nov. 30, 2022 |

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS:**

PLEASE TAKE NOTICE that, on April 7, 2023, at 1:30 p.m., before the Honorable Dana Sabraw, District Judge of the above-referenced Court located at Courtroom 13A, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101, Defendant UAG Escondido A1, Inc., ("UAG" or "Defendant") will respectfully move this Court for an order dismissing Plaintiff Miguel Esparza's ("Plaintiff" or "Esparza") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1    This motion is made on the grounds that Plaintiff's claims for violation of California's

2    Invasion of Privacy Act 12    (CIPA) under Cal. Pen. Code § 631 and § 632.7 fail as a matter of

3    law. Section 631 is a wiretapping statute, which applies only to a third-party's eavesdropping upon

4    a conversation between others. It does not apply to the voluntary online conversation allegedly

5    initiated by Plaintiff on Defendant's website. Plaintiff's claim under Section 632.7 fails as a matter

6    of law because it only applies to conversations between two telephones, not to online chats.

7    This Motion is based upon this Notice of Motion, the Memorandum in support thereof, and

8    all pleadings, records, and documents on file herein, and upon such other evidence, oral and

9    documentary, as may be presented to the Court at or before the hearing on this Motion.

10    This motion is made following the in-chambers conference of counsel which took place

11    pursuant to this Court's standing order earlier in February 2023.

12

13    Dated:  February 27, 2023         FINE BOGGS & PERKINS LLP

14                                             */s/ John P. Boggs*

15    _____

16                                             John P. Boggs, Esq.
                                              Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES .................................................7

I.    Introduction ................................................................................................7

II.   The Complaint should be dismissed with prejudice. ...............................9

    A.    Esparza Does Not State a Claim Under Section 631. ...............................9

        1.    Defendant Cannot Wiretap Its Own Conversation....................10

        2.    Defendant Did Not Access a Telephone Line...........................12

        3.    Esparza's Messages Were Not Intercepted in Transit...............14

        4.    Defendant Did Not Aid Another's CIPA Violation....................15

    B.    Esparza Does Not State a Claim Under Section 632.7. ...........................17

        1.    Section 632.7 Does Not Apply to Online Chats. .....................17

        2.    Esparza Impliedly Consented to the "Recording." ...................18

        3.    Defendant Cannot Be Liable for Aiding and Abetting. .............19

III.   *Goodyear* is not persuasive. ...................................................................19

IV.   Conclusion ...............................................................................................21

# TABLE OF AUTHORITIES

## Cases

*Adler v. Community.com, Inc.*
    No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) ...............15, 20

*Arisha Byars v. Hot Topic, Inc., et al.*
    No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .............20

*Arisha Byars v. The Goodyear Tire and Rubber Co., et al.*
    No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) .............19, 20

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ..........................................................................................................9

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, (2007) ........................................................................................................9

*Brodsky v. Apple, Inc.*
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................................................11

*Brown v. Google*
    525 F. Supp. 3d 1049 (N.D. Cal. 2021) ..........................................................................20

*Campbell v. Facebook Inc.*
    77 F. Supp. 3d 836 (N.D. Cal. 2014) ..............................................................................19

*Cline v. Reetz-Laiolo*
    329 F. Supp. 3d 1000 (N.D. Cal. 2018) ..........................................................................14

*Crowley v. CyberSource Corp.*
    166 F. Supp. 2d 1263 (N.D. Cal. 2001) ..........................................................................15

*Flanagan v. Flanagan*
    27 Cal. 4th 766 (2002) .....................................................................................................17

*Graham v. Noom, Inc.*
    533 F. Supp. 3d 823 (N.D. Cal. 2021) .......................................................................11, 16

*Hataishi v. First Am. Home Buyers Prot. Corp.*
    223 Cal. App. 4th 1454 (2014).........................................................................................18

*In re Google Assistant Priv. Litig.*
    457 F. Supp. 3d 797 (N.D. Cal. 2020) .......................................................................12, 13

*In re Vizio, Inc. Consumer Priv. Litig.*
    238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017).................................................................14

*Javier v. Assurance IQ, LLC*
    No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) ............................................13

*Johnson v. Blue Nile, Inc.*
    No. 20-cv-008183-LB, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021)...............................16

*Kearney v. Salomon Smith Barney, Inc.*
    39 Cal. 4th 95 (2006) ................................................................. 17

*Konop v. Hawaiian Airlines, Inc.*
    302 F.3d 868 (9th Cir. 2002) .............................................. 14, 15

*Mastel v. Miniclip SA*
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) ...................................... 10

*Matera v. Google, Inc.*
    No. 15-CV-04062 LHK, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) .......................... 12

*McCabe v. Six Continents Hotels, Inc.*
    No. 12-cv-04818 NC, 2014 WL 465750 (N.D. Cal. Feb. 3, 2014) .................................. 20

*Membrila v. Receivables Performance Mgmt., LLC*
    No. 09-CV-2790-IEG (RBB), 2010 WL 1407274 (S.D. Cal. Apr. 6, 2010) .................... 11

*Mireskandari v. Mail*
    No. CV 12-02943 MMM (FFMx), 2013 WL 12129559 (C.D. Cal. Jul. 30, 2013) ........... 15

*Moledina v. Marriott Int'l, Inc.*
    No. 2:22-cv-030598-SPG-JPR, 2022 WL 16630276 (C.D. Cal. Oct. 17, 2022) ................... 9

*Montantes v. Inventure Foods*
    No. CV-14-1128-MWF (RZx), 2014 WL 3305578 (C.D. Cal. July 2, 2014) ............. 18, 19

*NovelPoster v. Javitch Canfield Grp.*
    140 F. Supp. 3d 938 (N.D. Cal. 2014 ........................................ 15

*People v. Nakai*
    183 Cal. App. 4th 499 (2010) ................................................. 20

*Powell v. Union Pac. R. Co.*,
    864 F. Supp. 2d 949 (E.D. Cal. 2012) ........................................ 11

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp*, LLC
    759 F. Supp. 417 (S.D.N.Y. 2010) ........................................... 15

*Roberts v. Wyndham Intern., Inc.*
    No. 12-cv-5180-PSG, 2012 WL 6001459 (N.D. Cal. Nov. 30, 2012) .............................. 20

*Rodriguez v. Google, LLC*
    No. 20-cv-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ........................ 14

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ............................................. 11, 15, 16

*Rosenow v. Facebook, Inc.*
    No. 19-cv-1297-WQH-MDD, 2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ................... 14

*Shayler v. 1310 PCH, LLC*
    2022 WL 13743415 (9th Cir., Oct. 24, 2022) .................................... 8

*Smith v. LoanMe, Inc.*
    11 Cal. 5th 183 (2021) ......................................................... 17, 18

*Somers v. Apple, Inc.*
    729 F.3d 953 (9th Cir. 2013)............................................................................9

*Warden v. Kahn*,
    99 Cal. App. 3d 805 (1979)........................................................................7, 8

*Williams v. What If Holdings, LLC*
    No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022)...................passim

*Yale v. Clicktale, Inc.*
    No. 20-cv-07575-LB, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021)...............................17

*Yoon v. Lululemon USA, Inc.*
    549 F. Supp. 3d 1073 (C.D. Cal. 2021).............................................................11

## <u>Statutes</u>

California Civil Code § 1798.100 *et seq.*........................................................................9

California Penal Code § 630........................................................................................10

California Penal Code § 631.................................................................................passim

California Penal Code § 632.7.............................................................................8, 17, 18

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

The California Court of Appeal held the wiretapping restrictions of Penal Code section 631 "apply *only* to eavesdropping by a third party and not to recording by a participant to a conversation." *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979). Yet, plaintiff Esparza initiated this class action against defendant UAG Escondido A1, Inc. for violation of Sections 631 and 632.7 based on Defendant's alleged recording of an online conversation he alleges to have started with Defendant on Defendant's website. The claim did not make sense in 1979 and it still does not today, no matter the technology allegedly used by a participant to record the two-way conversation. *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022), (dismissing near-identical claim because "[a]s the website owner, [defendant] was the intended recipient of plaintiff's communication. Parties to a conversation cannot eavesdrop on their own conversation[.]").

Some context is important here—Mr. Esparza and his counsel, Scott Ferrell, filed at least ten other nearly identical complaints in California federal and state courts.[1] Mr. Ferrell has also filed dozens other virtually identical complaints through other named plaintiffs.[2] In each case, the plaintiff alleges the same theory of illegal "wiretapping" based on a voluntary conversation he or she initiated on the defendant's public website.

---

[1] Esparza, represented by Ferrell, has sued Pacific Sunwear of California, Jp Outfitters, Inc., Wellness Coaches USA, LLC, Expedia Inc, Lego Systems, Inc., Minted, LLC., Kohls, Inc., 23andme Inc., Crocs Inc., Fanduel Inc. and Concentrix Corporation, Lenox Corporation, and Dickeys BBQ Pit, Inc. since October 4, 2022.

[2] *See Valenzuela v. Aflac, Inc.*, No. 2:22-cv-06438 (Garnett, J.) (C.D. Cal.); *Valenzuela v. AIG Direct Ins. Servs., Inc.*, No. 5:22-cv-01561 (Sykes, J.) (C.D. Cal.); *Valenzuela v. M.A.C. Cosmetics*, No. :22-cv-01360 (Bernal, J.) (C.D. Cal.); *Valenzuela v. Michael Kors*, No. 2:22-cv-05902 (Garnett, J.) (C.D. Cal.); *Valenzuela v. Nationwide Mut. Ins. Co.*, No. 2:22-cv-06177 (Frimpong, J.) (C.D. Cal.); *Valenzuela v. Under Armour, Inc.*, No. 22STCV24206 (Nelson, J.) (C.D. Cal.); *Valenzuela v. BJ's Wholesale Club, Inc.*, No. 2:22-cv-06378 (Gee, J.) (C.D. Cal); *Valenzuela v. Kapersky Lab., Inc.*, No. 22STCV26119 (Kuhl, J.) (Cal. Super. Ct.); *Valenzuela v. Massage Envy Franchising LLC*, No. 2:22-cv-05817 (Fischer, J.) (C.D. Cal); *Valenzuela v. Papa Murphy's Int'l, LLC*, No. 5:22:cv-01789 (Sykes, J.) (C.D. Cal.); *Licea v. The Talbots, Inc.* (Cal. Super. Ct.); *Byars v. The Goodyear Tire & Rubber Co.* (C.D. Cal.); *Byars v. Rite Aid Corp.* (C.D. Cal.); *Licea v. Old Navy, LLC* (C.D. Cal.); *Cody v. Promises Behavioral Health, LLC* (C.D. Cal.); *Byars v. Sterling Jewelers, Inc.* (C.D. Cal.); *Cody v. Athletic Propulsion Labs LLC* (C.D. Cal.); *Licea v. GameStop, Inc.* (C.D. Cal.); *Cody v. Tiffany & Co.* (C.D. Cal.); *Cody v. Columbia Sportswear Co.* (C.D. Cal.); *Cody v. Warby Parker, Inc.* (C.D. Cal.); *Byars v. Hot Topic, Inc.* (C.D. Cal.); *Licea v. Am. Eagle Outfitters, Inc.* (C.D. Cal.); *Licea v. UNIQLO USA LLC* (S.D. Cal.); *Licea v. Logitech Inc.*

The Ninth Circuit recently criticized serial litigants in other contexts (such as the proliferation of drive-by American Disabilities Act lawsuits) for using the courts to extort businesses with a "wave of 'get-money-quick' lawsuits." *Shayler v. 1310 PCH, LLC*, 2022 WL 13743415, at *3 (9th Cir. Oct. 24, 2022). A "hallmark of [such] abusive [] litigation is the use of form complaints containing a multitude of boilerplate allegations of varying merit." *Id*. at *5. Here, Mr. Ferrell's form complaints are indistinguishable and were broadly filed against any business entity that provides chat features for customer service on its website. Each complaint is filed based on "the hope of intimidating the defendant into an early settlement" based on the threat of costly litigation. *Id.* Given the lack of merit and the incongruity with both settled law and recent decisions affirming the settled law, one can only assume that the purpose of this instant manner is the same as described by the Ninth Circuit in *Shayler*.

This suit should be dismissed with prejudice for the following reasons:

1. Section 631 is inapplicable. On the merits, Section 631 of CIPA generally prohibits eavesdropping on communications. Cal. Pen. Code § 631 (a). It is wholly inapplicable to the voluntary online chat Esparza initiated with Defendant. First, as a matter of established law, Defendant could not wiretap or eavesdrop on a conversation in which it was a participant. *See Warden*, 99 Cal. App. 3d at 811 (wiretapping restrictions of Section 631 "apply only to eavesdropping by a third party and not to recording by a participant to a conversation"). Second, the online chat did not occur over a "telegraph or telephone wire, line, cable, or instrument," as required under the first clause of Section 631(a). Third, Esparza does not and cannot allege his communications to Defendant were intercepted while "in transit," as required by Section 631(a)'s second clause. Defendant only received Esparza's communication when it "arrived" at its intended end point. Fourth, as Esparza fails to state a claim against any third party, so he cannot allege Defendant aided another's illegal eavesdropping.

2. Section 632.7 applies only to telephone conversations. Esparza also fails to state a claim under Section 632.7 of CIPA, which generally prohibits unauthorized recording of telephone conversations. Cal. Pen. Code § 632.7(a). First, Esparza's Section 632.7 claim

fails because he communicated with Defendant's website chat feature, but Section 632.7 only applies when both parties use a telephone. *See Moledina v. Marriott Int'l, Inc.*, No. 2:22-cv-030598-SPG-JPR, 2022 WL 16630276, at *7 (C.D. Cal. Oct. 17, 2022). ("The communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side"). Second, Section 632.7 prohibits only recording conversations "without consent." But Esparza impliedly consented to having his chat recorded because he himself recorded it when he typed it. Third, because Esparza cannot state a Section 632.7 claim under the alleged circumstances, Defendant cannot be liable for aiding in any Section 632.7 violation.

## II.    The Complaint should be dismissed with prejudice.

Esparza fails to state a viable claim. Under Rule 12(b)(6), a complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts should dismiss a complaint if it "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

CIPA, on which Esparza brings his claims, was enacted in 1967 to address telephone wiretap issues rampant at the time.[3]  Neither Section 631 nor Section 632.7 fits Esparza's alleged facts.

### A.    Esparza Does Not State a Claim Under Section 631.

Esparza cannot state a claim under Section 631 of CIPA, which criminally punishes anyone: [(1)] who, by means of any machine, instrument, or contrivance, or in any other manner,

---

[3] In contrast, the more recently enacted California Consumer Privacy Act (CCPA), Cal. Civ. Code § 1798.100 et seq., broadly governs consumer privacy in online contexts. The CCPA directly speaks to the online privacy concerns of consumers, including establishing additional obligations upon businesses when working with service providers. The CCPA does not prohibit disclosing consumers' personal information but instead gives the consumer the right to request information about the disclosure. Cal. Civ. Code § 1798.115. As relevant to this case, the statute explains that "providing customer service" is a valid "business purpose" as defined in Cal. Civ. Code § 1798.140(d)(5). Esparza did not bring a claim under the CCPA, but instead seeks to expand CIPA beyond its intent.

intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [(2)] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [(3)] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [(4)] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section[.]" Cal. Pen. Code § 631 (a).

Although unclear, Esparza appears to invoke the italicized portions of Section 631 claims pertaining to one who: "intentionally taps, or makes any unauthorized connection" with a "telegraph or telephone wire, line, cable, or instrument"; "willfully attempts to "learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable"; or "aids, agrees with, employs, or conspires with any person" to illegally wiretap." (Compl. ¶ 31 (alleging Defendant "caused the internet communication with [its] Website . . . to be recorded" and "aided [and] abetted at least one third party to eavesdrop"); see also *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (outlining clauses).)

Esparza's claim fail as a matter of law because: (1) Defendant cannot eavesdrop its own conversation (which defeats clauses 1, 2, and 3); (2) Esparza does not allege the tapping of a telephone line (which defeats clause 1); (3) Esparza's allegations necessarily undermine any claim of interception in transit (which defeats clause 2); and (4) Esparza fails to allege aiding of a third party (which defeats clause 4).

### 1.    Defendant Cannot Wiretap Its Own Conversation.

First, Defendant cannot wiretap its own conversation, which is dispositive of any claims under the first, second, or third clauses of Section 631(a). As explained by the California legislature, CIPA was designed to remedy the use of technology "for the purpose of eavesdropping upon private

communications." Cal. Pen. Code § 630. Accordingly, for nearly half a century, Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation." *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979). Parties to the communication "cannot be held liable as a matter of law" under Section 631, *Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949, 954 (E.D. Cal. 2012), because "[i]t is never secret to one party to a conversation that the other party is listening to the conversation," *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975); see also *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021) ("Under section 631(a), if a person secretly listens to another's conversation, the person is liable. Only a third party can listen to a conversation secretly."). Courts consistently recognize any claim under the first or second clauses in Section 631(a) fails when alleged against a party to the communication. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1080 (C.D. Cal. 2021) ("Courts agree that § 631(a)[i] and [ii] apply only to third parties and not to participants.") (alterations in original).

Esparza admits Defendant was a party to the challenged chat, and this admission is fatal to his claims. Esparza alleges that he "used a smart phone . . . and had a conversation with Defendant." (Compl. ¶ 18.) His claim therefore conflicts with the "settled nature of the third-party focus of section 631." *Powell*, 864 F. Supp. 2d at 955 (dismissing claim against party to communication). As one court recently held in indistinguishable circumstances, "[a]s the website owner, [the defendant] What If was the intended recipient of plaintiff's communication. Parties to a conversation cannot eavesdrop on their own conversation[.]" *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); see *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 519 (C.D. Cal. 2021) (dismissing Section 631 claims alleging website owner used tracking software to record plaintiff's communications with website, reasoning "the § 631 [participant] exception applie[d]"); *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 126 (N.D. Cal. 2020) (dismissing Section 631 claims alleging Apple eavesdropped on customers' "login activities" because "Plaintiffs' 'login activities' are communications that Plaintiffs send to Apple's servers"); *Membrila v. Receivables Performance Mgmt., LLC*, No. 09-CV-2790-IEG (RBB), 2010 WL 1407274, at *2 (S.D. Cal. April 6, 2010) (dismissing Section 631 claims where "Plaintiff allege[d] Defendant recorded Plaintiff's

phone conversation with Defendant"). As such, Esparza's claims under the first and second clauses of Section 631(a) fail.

### 2.    Defendant Did Not Access a Telephone Line.

Second, even if Defendant could "eavesdrop" on its own conversation (it can't), Esparza fails to state a claim under Section 631(a)'s first clause for the additional reason that he does not allege Defendant tapped into a telephone line.

To state a claim under Section 631(a)'s first clause, a plaintiff must allege the defendant "intentionally tap[ped], or ma[de] any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument . . . ." *Mastel*, 549 F. Supp. 3d at 1134 (quoting Cal. Pen. Code § 631(a)) (alterations in original). "[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet." *Williams*, 2022 WL 17869275, at *2 (collecting cases); see *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) ("The first clause expressly requires that the unauthorized 'connection' be made with 'any telegraph or telephone wire, line, cable, or instrument.'"); *Matera v. Google, Inc.*, No. 15-CV-04062 LHK, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016) ("the first clause" is "limited to communications passing over 'telegraph or telephone' wires, lines, or cables").

Here, Esparza alleges Defendant "covertly embedded software code . . . into its website that automatically intercepts, records and creates transcripts of all conversations using the website chat feature." (Compl. ¶ 12; see *id.* ¶ 31 (Defendant "caused the internet communication[s]" with its "Website to be recorded").) Under this theory, Defendant tapped or made an unauthorized connection with its website, not a telephone line. Defendant cannot violate Section 631(a)'s first clause under these circumstances. *See Williams*, 2022 WL 17869275, at *2 (no claim under first clause of Section 631(a) where plaintiff alleged defendant used software to record interactions with website); *Mastel*, 549 F. Supp. 3d at 1134 (dismissing claim under first clause of Section 631(a) where plaintiff alleged iPhone application made unauthorized connection with iPhone software, reasoning complaint "plainly d[id] not involve any allegations concerning 'telephone wires, lines, or cables'"); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 825–26 (dismissing claim under first clause of Section 631(a) where plaintiffs alleged Google voice-activated assistant illegally

eavesdropped, reasoning complaint did not "suggest that the Google Assistant operate[d] using telegraph or telephone wires").

Esparza's citation to *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022), for the proposition that Section 631 applies to internet communications does not change this analysis. (Compl. ¶ 19.) "*Javier* was expressly cabined to the question of consent," which is not at issue here. *Williams*, 2022 WL 17869275, at *4 (rejecting "Plaintiff's reliance on Javier" as "inapposite"); *see Javier*, 2022 WL 1744107, at *3 (predicting "the California Supreme Court would interpret Section 631(a) to require the prior consent of all parties to a communication," and declining to reach any other arguments). Furthermore, the dicta to which Esparza cites referred only to the second clause in Section 631(a)—the only one apparently at issue in *Javier*—and so is irrelevant to this analysis. *See Javier*, 2022 WL 1744107, at *1 (quoting second clause of Section 631(a)); see also *Mastel*, 549 F. Supp. 3d at 1134 ("While it is true that several federal courts interpreting the CIPA have held that the statute may apply to technologies beyond telephones or telegraphs, those holdings have largely been limited to the statute's second clause.").

Likewise, Esparza's suggestion that all internet communication travels along traditional telephone lines is undeveloped and misguided. (Compl. ¶ 19.) Many courts have dismissed CIPA claims for not taking place over telephone wires even though the communications involved the internet. See, e.g., *Williams*, 2022 WL 17869275, at *2 (communications with website did not take place over telephone lines); *Mastel*, 549 F. Supp. 3d at 1135 (communications between iPhone user and online application did not take place over telephone lines); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 825–26 (communications with internet- connected Google Assistant did not take place over telephone lines).

As such, this Court should "follow the overwhelming weight of authority" and dismiss Esparza's claims under the first clause of Section 631(a) because he fails to allege Defendant "intentionally tapped or made an unauthorized connection with a 'telegraph or telephone wire, line, cable, or instrument.'" *Mastel*, 549 F. Supp. 3d at 1135.

### 3. Esparza's Messages Were Not Intercepted in Transit.

Third, Plaintiff's CIPA claim under Section 631(a)'s second clause also fails because that clause applies only when communications are intercepted "in transit," which is not alleged here. Section 631(a)'s second clause prohibition a defendant from "read[ing], or attempt[ing] to read, or to learn the contents or meaning of any message, report, or communication," but only "while the same is in transit." Cal. Pen. Code § 631(a) (emphases added); see also Mastel, 549 F. Supp. 3d at 1136 ("the second clause only imputes liability" when the defendant intercepts "a communication that is in transit," "passing," or "being sent"). Put another way, a defendant must "stop, seize, or interrupt [a communication] in progress or course before arrival." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).[4]

Here, Esparza only alleges "Defendant . . . automatically intercepts, records and creates transcripts of all conversations using the website chat feature" "during transmission and in real time." (Compl. ¶ 12.) Courts reject this type of conclusory allegation under Section 631. S*ee In re Vizio, Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing Section 631 claim where "conclusory allegation that Vizio intercepted [plaintiffs'] electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time"); *Rodriguez v. Google, LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (dismissing Section 631 claim because "[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting [plaintiffs'] data in transit"); *Rosenow v. Facebook, Inc.*, No. 19-cv-1297—WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (dismissing Wiretap Act claim where allegations of communications intercepted "in transit" were "conclusory").

Nor could Esparza's claim survive even if he could conclusorily allege interception. Based on Esparza's complaint, Defendant could not have "intercepted" a communication—meaning obtained the communication before its arrival between the initiator (Esparza) and its recipient

---

[4] *Konop* interpreted the federal Wiretap Act, which is analogous to CIPA. *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act."); *see NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014).

(Defendant) because Defendant was the recipient. (Compl. ¶ 18 (describing communications "with Defendant").) By definition, the instant the message reached Defendant, it had "arriv[ed]" at its intended recipient—exactly the circumstance that barred "interception" that required dismissal in *Konop*, 302 F.3d at 878. Defendant had no opportunity to "intercept" the communication before it was completed. *Rogers*, 52 Cal. App. 3d at 898 (a party to a communication "does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received"); *see Adler v. Community.com, Inc.*, No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) (dismissing Section 631 claim where "Plaintiffs sent text messages to [defendant's number], and the device paired with that number 'received the information, effectively completing the communication'") (quoting *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001)).

As a result, anything Defendant did with the communication once received falls outside the scope of Section 631. See *Mireskandari v. Mail*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129559, at *10 n.44 (C.D. Cal. Jul. 30, 2013) (dismissing Section 631 claim because plaintiff failed to allege defendant "intercepted any electronic communication while it was in transit; at most, he allege[d] the illegal disclosure of data [defendant] held in storage"); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014) (no Wiretap Act violation where defendants accessed stored communications because "nowhere does the Complaint allege that the defendants 'intercepted' any 'electronic communication'"); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp*, LLC, 759 F. Supp. 417, 431 (S.D.N.Y. 2010) ("[E]lectric communications cannot be intercepted for purposes of the [Wiretap Act] after they have been delivered."). Esparza therefore fails to state a claim under the second clause of Section 631(a) for the additional reason that he does not allege Defendant intercepted the communication in transit.

### 4. Defendant Did Not Aid Another's CIPA Violation.

Fourth, Esparza fails to plead that Defendant aided any third-party eavesdropping, and what he does allege forecloses that argument in any event. Although the Complaint lumps Section 631(a)'s third and fourth clauses together (see Compl. ¶ 28), Esparza does not allege facts suggesting Defendant violated the third clause, which prohibits the use of information obtained via

an illegal wiretap (see id. ¶¶ 28–33 (making no mention of "use" of information)). Any such claim under that clause would fail for various reasons, including that the third clause does not apply to parties to the conversation. See *Williams*, 2022 WL 17869275, at *2 ("Parties to a conversation cannot eavesdrop on their own conversation, so [only Section 631(a)'s fourth] clause is applicable to" a party).

As to the fourth clause, Esparza does not allege any facts giving rise to the inference that the unnamed "independent third-party vendor," the only third party mentioned in the complaint (and mentioned just once) (Compl. 12), violated any aspect of Section 631 in its own right. Unless and until Esparza can adequately plead that this unnamed third-party violated CIPA, he cannot plead that Defendant aided a CIPA violation. *Graham*, 533 F. Supp. 3d at 833 ("Noom is not liable for aiding and abetting FullStory's wrongdoing because there is no wrongdoing.").

Furthermore, the facts Esparza has alleged show that Defendant used this unnamed third party as a tool, or "an extension" of itself, which CIPA permits. *Graham*, 533 F. Supp. 3d at 832. Esparza alleges that said alleged third-party provider provided Defendant a "data analytics" tool that somehow "intercept[s] . . . and store[s]" customer-service chats. (Compl. ¶¶ 12, 14.) But a data analytics provider is not a "third party eavesdropper"; rather, "[i]t provides a tool—like the tape recorder in *Rogers*—that allows [Defendant] to record and analyze its own data in aid of [its] business." *Graham*, 533 F. Supp. 3d at 832. Because a party to a conversation cannot eavesdrop, CIPA permits it to record the conversation and use that recording (here a transcript) as it pleases (including to analyze it). See *id*. (no aiding third-party eavesdropping where third-party "[was] a vendor that provide[d] a software service that capture[d] its clients' data, host[ed] it on [the third-party's] servers, and allow[ed] the clients to analyze their data"); *Williams*, 2022 WL 17869275, at *3 (no aiding third-party eavesdropping where "[t]he complaint most pertinently allege[d] that [website owner] What If deployed [third-party] ActiveProspect's TrustedForm recording software only on What If's websites and that the recordings were stored and accessed on ActiveProspect's servers"); *Johnson v. Blue Nile, Inc.*, No. 20-cv-008183-LB, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) ("[F]or the reasons stated in *Graham v. Noom*, FullStory is not a third-party eavesdropper. As a result, Blue Nile is not liable for aiding and abetting FullStory's wrongdoing

because there is no wrongdoing."); *Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) (same).

To the extent there is any purported ambiguity in this penal statute, it should be construed in Defendant's favor. *See Warden*, 99 Cal. App. 3d at 811 n.3 ("Since we are dealing with a penal statute [in Section 631], language so ambiguous should be interpreted in favor of the alleged violator.").

In sum, Esparza fails to allege Defendant violated any aspect of Section 631, and this claim should be dismissed.

### B.    Esparza Does Not State a Claim Under Section 632.7.

Esparza also fails to state a claim under Section 632.7. That section applies only to communications between two telephones, and Esparza de facto consented to having his chat "recorded" when he himself wrote it down. And as with Section 631, because there is no primary violation of Section 632.7, Defendant is not liable for assisting another in illegal recording.

### 1.    Section 632.7 Does Not Apply to Online Chats.

Section 632.7 is a call recording statute. By its plain terms, it applies only to communications "transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone[.]" Cal. Pen. Code § 632.7(a).

The California Supreme Court recently characterized the provision this way: "Under Penal Code section 632.7, subdivision (a) . . . it is a crime when a person 'without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between' a cellular or cordless telephone and another telephone." *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 187 (2021). This plain language reflects the legislative intent behind Section 632.7, which was to "plug[] a perceived hole in the statutory scheme that left communications involving cordless and cellular telephones unprotected from recording." Id. at 197–98. And courts uniformly discuss Section 632.7 in terms of protecting "telephone conversations." See, e.g., *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 125 (2006) (Section 632.7 enacted to protect privacy on "cordless or cellular phones"); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 771, n.2 (2002)

("Section 632.7 . . . prohibits intentionally intercepting or recording communications involving cellular telephones and cordless telephones.").

Accordingly, the "type of telephone" is central to a Section 632.7 claim, *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469 (2014), and a covered telephone must be used on both ends of the conversation, *Montantes v. Inventure Foods*, No. CV-14-1128-MWF (RZx), 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014); see *Moledina*, 2022 WL 16630276, at *7 ("the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side").

Here, Esparza alleges that he used a smart phone to communicate with Defendant's "website." (Compl. ¶ 18; see id. ¶ 38 (complaining about "communication from the chat feature on [Defendant's] website").) This admission forecloses any Section 632.7 claim. Defendant's "website" is not a covered phone (or any phone at all). Section 632.7 delineates precisely what types of phones are covered: only cellular radio telephones, landline telephones, and cordless telephones. Cal. Pen. Code § 632.7(a); see id. § 632.7(c)(1)–(2) (defining "cellular radio telephone" and "cordless telephone"). A website is not a phone. Compare "Website," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/website (accessed Feb. 27, 2023) ("a group of World Wide Web pages usually containing hyperlinks to each other and made available online…"), with "Telephone," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/telephone (accessed Feb. 27, 2023) ("an instrument for reproducing sounds at a distance").

### 2. Esparza Impliedly Consented to the "Recording."

Esparza's Section 632.7 claim fails for the additional reason that Section 632.7 only prohibits recording conversations "without . . . consent." Cal. Pen. Code § 632.7(a). Consent can be implied, and "[t]he circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient." *Smith*, 11 Cal. 5th at 194. Specifically, "recordation would be expected with a . . . text transmission." Id. As one court explained, because the sender records the message himself before sending it, "[a] party who has sent a communication such as an image or facsimile

that is necessarily recorded upon receipt has certainly consented to that recording by the intended recipient." *Montantes*, 2014 WL 3305578, at *3.

Here, Esparza alleges Defendant recorded his text-based online messages through the Web Chat. (Compl. ¶¶ 12, 38–39.) But Esparza typed out these messages himself, so he "certainly consented" to Defendant's receiving the "recordation" of the messages. *Montantes*, 2014 WL 3305578, at *3. It is implausible that Esparza believed Defendant would not receive a "transcript" of his chats when the chats were only ever in written form. (See Compl. ¶ 12 (accusing Defendant of "creat[ing] transcripts of all conversations using the website chat feature").) Section 632.7 does not fit the circumstances alleged.

### 3.    Defendant Cannot Be Liable for Aiding and Abetting.

Last, Esparza alleges that Defendant should be liable for "assist[ing] in the interception or reception and intentional recordation" of the chat communication pursuant to Section 632.7. (Compl. ¶ 40.) There is no "aiding and abetting" liability here because no Section 632.7 liability could attach to the conduct alleged in the first instance: the online chat did not occur between two qualifying telephones, and Esparza implicitly consented to having his written message "recorded." Section 632.7 is inapplicable to the circumstances alleged.

### III.    *Goodyear* is not persuasive.

Plaintiff has signaled an intent to rely in opposing this motion on *Arisha Byars v. The Goodyear Tire and Rubber Co., et al.,* No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) . *Goodyear*, however, is not persuasive in rebutting Defendant's arguments herein.

Notably, the *Goodyear* court does not address the nearly half-century of precedent holding Section 631 does not apply to parties to a conversation. The *Goodyear* defendant did not raise this argument (see *Goodyear* ECF No. 14 at 10:7–15:15), which perhaps explains why the Court did not address it, but it disposes of Plaintiff's claim here. Moreover, the *Goodyear* court simply accepted the plaintiff's conclusory "in transit" allegation. (see *Goodyear* decision at *4.) It did not address the numerous cases, cited in the Motion here, rejecting conclusory "in transit" allegations. And *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836 (N.D. Cal. 2014), upon which the Goodyear

court solely relied, (see *Goodyear* decision at *4), does not support accepting a conclusory "in transit" allegation when, like here, specific allegations contradict it.

Finally, the instant Motion argues that Esparza's CIPA Section 632.7 claim fails because (1) Esparza does not allege that Defendant used a telephone to participate in the chat; (2) Esparza impliedly consented to having his written chat "recorded"; and (3) Esparza did not allege Defendant aided another's Section 632.7 violation. *Goodyear* did not address Defendant's second and third arguments, and its reasoning on the first, respectfully, contradicts the statute's plain language. Regarding the first argument (Mr. Esparza does not allege Defendant used a telephone to participate in the chat). The *Goodyear* court did not address the numerous cases interpreting Section 632.7's express requirement that the communication occur between two telephones. None of the *Goodyear* court's authorities provide otherwise. See *McCabe v. Six Continents Hotels, Inc.*, No. 12-cv-04818 NC, 2014 WL 465750 (N.D. Cal. Feb. 3, 2014) (claims involved telephone calls); *Roberts v. Wyndham Intern., Inc.*, No. 12-cv-5180-PSG, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012) (same); *Adler v. Community.com, Inc.*, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) (did not address two-phone requirement); *People v. Nakai*, 183 Cal. App. 4th 499 (2010) (addressed Section 632, not 632.7); *Brown v. Google*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) (same). For these reasons, The reasoning of the *Goodyear* court regarding 632 has been comprehensively rejected in *Arisha Byars v. Hot Topic, Inc., et al.*, No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023), at *11-12.

In *Hot Topic*, the Court faced a motion to dismiss with an almost identical complaint by another Pacific Trial Attorneys/Scott Ferrell client, alleging the same causes of action and same underlying facts. *Id.* at *1-2. The Court therein rejected both the Section 631 and Section 632.7 claims on largely the same grounds as argued in this motion. *Id.* at 7-12.

// // // //

// // // //

// // // //

// // // //

// // // //

**IV.    Conclusion**

      The Court should dismiss Esparza's complaint. Because the legal deficiencies cannot be remedied, dismissal should be with prejudice.

Dated:  February 27, 2023        FINE BOGGS & PERKINS LLP

                            */s/ John P. Boggs*

                            John P. Boggs, Esq.
                            Attorneys for Plaintiff