UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br>UAG ESCONDIDO A1 INC., a Delaware corporation, dba ACURAOFESCONDIDO.COM, and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No.: 23cv0102 DMS(KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

  This case comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, Defendant filed a reply, and Plaintiff filed two notices of supplemental authority. After reviewing the parties' briefs, the relevant legal authority, and the record, the motion is granted.

## I.

## BACKGROUND

  On November 30, 2022, Plaintiff Miguel Esparza filed the present case against Defendant UAG Escondido A1 Inc. in San Diego Superior Court. In the original Complaint, Plaintiff alleged he used his smart phone to visit Defendant's website www.acuraofescondido.com. Through the website's chat feature, Plaintiff had a

conversation with Defendant. (Compl. ¶ 18.)[1] Plaintiff alleged Defendant was secretly recording that conversation or "allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time." (*Id.* ¶ 20.) Indeed, Plaintiff alleged Defendant "secretly wiretaps the private conversations of everyone who communicates through the chat feature" on Defendant's website, and "allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain." (*Id.* at 2.) Plaintiff alleged the wiretapping and eavesdropping was enabled by embedding software code on Defendant's website. (*Id.* ¶ 12.) Specifically, Plaintiff alleged "Defendant allows at least one independent third-party vendor to use a software device or contrivance to secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and deeply personal." (*Id.*) Plaintiff further alleged "[t]he data from those transcripts are then used for targeted marketing or other purposes." (*Id.*)

As a result of Defendant's alleged secret recording of its web chats with Plaintiff and others, Plaintiff filed the present case alleging claims under California's Invasion of Privacy Act ("CIPA"). Defendant removed the case to this Court alleging jurisdiction under the Class Action Fairness Act ("CAFA"), and then moved to dismiss the Complaint. On July 23, 2023, this Court granted that motion, dismissing with prejudice Plaintiff's claims under clauses one, two, and three of California Penal Code § 631(a), and dismissing without prejudice Plaintiff's claim under section 631(a), clause four.

Following that ruling, Plaintiff filed a First Amended Complaint ("FAC"). In the FAC, Plaintiff alleges that "[w]ithin the last year and while physically within California,"

---

[1] In the original Complaint, Plaintiff alleged he was "a consumer privacy advocate with dual motivations for initiating a conversation with Defendant." First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendant." (*Id.* ¶ 16.) Second, Plaintiff alleged he "is a 'tester' who works to ensure that companies abide by the privacy obligations imposed by California law." (*Id.*)

he "visited Defendant's Website using a smartphone and conducted a brief conversation through the Website's chat feature." (FAC ¶ 2.) Plaintiff alleges he was not advised that his chat with Defendant "was being monitored, intercepted, or recorded, nor did [he] consent thereto." (*Id.*)

Plaintiff now alleges the interloper in his web chat with Defendant was CarNow. (*Id.* ¶ 9.) According to Plaintiff, Defendant allowed CarNow "to embed its chat technology code into the chat feature" on Defendant's website. (*Id.*) Through the use of that code, all chats on Defendant's website are "routed through CarNow's servers so they may simultaneously collect a transcript of that chat, along with other user data, in real time and save it for later access." (*Id.*) Plaintiff alleges "CarNow is integrated with social media platforms like Meta/Facebook and can become a 'lead generation machine.'" (*Id.* ¶ 13.) He further alleges that Defendant, CarNow, and Meta "profit from secretly exploiting the chat data through targeted social media advertising …." (*Id.* ¶ 16.) In short, Plaintiff alleges "CarNow uses its record for Website user's interaction with Defendant's chat feature for data analytics and marketing/advertising to consumers …." (*Id.* ¶ 17.)

## II.

## DISCUSSION

Given the Court's ruling on Defendant's previous motion to dismiss, the only claim that remains is Plaintiff's claim under section 631(a), clause four. This clause imposes liability on those who "who aid[ ], agree[ ] with, employ[ ], or conspire[ ]" with any person who violates clauses one through three. Cal. Penal Code § 631(a). Defendant argues Plaintiff has failed to state a claim under clause four, and thus the case should be dismissed with prejudice and without further leave to amend.

### A.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

As stated above, the only claim that remains here is Plaintiff's claim under clause four of section 631(a). To state a claim under this clause, Plaintiff must allege that a person or entity has violated one of the first three clauses of section 631(a), and that Defendant aided, agreed with, employed, or conspired with that person or entity to commit those unlawful acts.

**B.      Section 631(a), Clause One**

As stated above, Plaintiff alleges the underlying wrongdoer in this case is CarNow. To show that CarNow violated section 631(a), clause one, Plaintiff must allege CarNow intentionally tapped or made an unauthorized connection "with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system[.]" Cal. Penal Code § 631(a). Defendant argues the use of a chat feature on a website does not meet the "telegraph or telephone" element of this claim, therefore Plaintiff cannot show a violation of clause one. Plaintiff disagrees, and asserts that clause one applies to communications via a smartphone.

In *Valenzuela v. Keurig Green Mountain, Inc.*, ___ F.Supp.3d ___, No. 22-CV-09042-JSC, 2023 WL 3707181, at *2 (N.D. Cal. May 24, 2023), a case based on similar facts and filed by Plaintiff's counsel in this case, the court addressed the same arguments raised here, and concluded, based on the plain language of the statute, that the statute did

not apply "to technologies other than telegraphs and telephones." Other courts are in accord. *See D'Angelo v. Penny OpCo, LLC*, No. 23-CV-0981-BAS-DDL, 2023 WL 7006793, at *6 (S.D. Cal. Oct. 24, 2023) ("Because Clause One does not apply to internet connections, prospective plaintiffs who allege their communications were intercepted when using their smartphones as computers (for example, to access and browse the internet) are foreclosed from stating a claim under Clause One of Section 631."); *Licea v. Cinmar, LLC*, 659 F.Supp.3d 1096, 1104 (C.D. Cal. 2023) (stating courts "have consistently interpreted this clause as applying only to communications over telephones and not through the internet."). This Court finds the reasoning of those cases persuasive, and adopts the same conclusion here, namely, that clause one does not apply to internet connections. Accordingly, Plaintiff has failed to state a claim against CarNow under clause one.

**C.  Section 631(a), Clause Two**

To state a claim under clause two, Plaintiff must allege facts demonstrating that CarNow:

> willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[ ], or attempt[ed] to read, or to learn the contents or meaning of any message, report, or communication while the same [was] in transit or passing over any wire, line, or cable, or [was] being sent from, or received at any place within this state[.]

Cal. Penal Code § 631(a). Defendant argues Plaintiff has failed to allege facts to support the "in transit" requirement of clause two, and that Plaintiff cannot state a claim under clause two because he consented to the recording of his web chat with Defendant. Plaintiff responds that he has alleged sufficient facts to support the "in transit" requirement, and that he alleged his communications were sent from California, which also satisfies this element. Plaintiff also asserts he did not give consent to CarNow's recording of his conversation with Defendant.

/ / /
/ / /

1. In Transit

In the FAC, Plaintiff alleges webchat communications on Defendant's website are "routed through CarNow's servers so they may simultaneously collect a transcript of that chat, along with other user data, in real time and save it for later access." (FAC ¶ 9.) Plaintiff further alleges that CarNow's code enables it "to secretly intercept in real time, eavesdrop upon, and store transcripts of consumers' chat communications they think they are having with Defendant, even when such conversations are private and contain personally identifiable information ('PII') – as Plaintiff's did." (*Id.* ¶ 10.)

Courts have split on whether these kinds of allegations are sufficient to satisfy the "in transit" requirement. *Compare Heiting v. Taro Pharms. USA, Inc.*, No. 2:23-CV-08002-SPG-E, 2023 WL 9319049, at *6 (C.D. Cal. Dec. 26, 2023) (finding allegations that webchats were intercepted in real time through the use of computer code insufficient); *Keurig Green Mountain*, 2023 WL 3707181, at *6 (same); *Cinmar*, 659 F.Supp.3d at 1110 (same) *with Valenzuela v. Nationwide Mut. Ins. Co.*, ___ F.Supp.3d ___, No. 2:22-cv-06177-MEM-SK, 2023 WL 5266033, at *5 (C.D. Cal. Aug. 14, 2023) (concluding "in transit" requirement was satisfied where plaintiff pleaded third party intercepted chat communications in real time and explained how that occurred); *Licea v. Old Navy, LLC*, ___ F.Supp.3d ___, No. 5:22-cv-01413-SSS-SPx, 2023 WL 3012527, at *2 (C.D. Cal. Apr. 19, 2023) (finding "in transit" requirement met where plaintiff alleged webchat communications were intercepted in real time through the use of computer code). This Court agrees with the latter line of cases.

As stated therein, allegations that webchats are intercepted in real time through the use of computer code provides sufficient factual detail to support the "in transit" requirement. In *D'Angelo*, 2023 WL 7006793, at *8, this court affirmed that conclusion, reasoning that "a pleading standard to the contrary would require the CIPA plaintiff to engage in a one-sided guessing game because the relevant information about data capture typically resides uniquely in the custody and control of the CIPA defendant and its third-party recorder." Here, Plaintiff alleges CarNow's chat technology code is embedded in

Defendant's website, and that "whenever a consumer chats via Defendant's Website, the chat is routed *through* CarNow's servers so they may simultaneously collect a transcript of that chat, along with other user data, in real time and save it for later access." (FAC ¶ 9.) These allegations are sufficient to plead the "in transit" requirement. *See Garcia v. Yeti Coolers, LLC*, No. 2:23-cv-02643-RGK-RAO, 2023 WL 5736006, at *4 (C.D. Cal. Sept. 5, 2023) (finding substantially similar allegations sufficient because they "allow[ed] the court to reasonably infer that the alleged reading of [plaintiff's chat] message occurred while the message was in transit.")[2]

### 2. Consent

Turning to the issue of consent, Defendant argues Plaintiff consented to the recording of his web chats due to the nature of the communication, i.e., written messaging, and his "tester" status. However, whether Plaintiff consented to the recording of his web chats with Defendant is not the issue under clause two. The issue under clause two is whether Plaintiff consented to CarNow *eavesdropping* on his conversation with Defendant. *See id.* at *3 (stating section 631(a), clause two "prohibits *eavesdropping* 'without consent of all parties to the communication.'") (emphasis added). The written nature of web chats and Plaintiff's "tester" status do not speak to that issue, and do not show Plaintiff consented to CarNow's alleged eavesdropping.[3]

---

[2] Plaintiff argues, in the alternative, that he need not plead CarNow read his communications with Defendant while they were "in transit" because he has also alleged those communications took place while he was in California. In light of the Court's holding above that the "in transit" requirement is sufficiently pleaded, the Court declines to address that argument here. The Court notes, however, that at least one court has rejected this argument. *See Keurig Green Mountain*, 2023 WL 3707181, at *6 (stating plaintiff cannot avoid "in transit" requirement "merely because she sends or receives a message in California.")

[3] Even if Plaintiff consented to the recording of his web chats, consent to that recording would not translate to consent to a third party eavesdropping on those conversations. *See Javier v. Assurance IQ, LLC*, No. 4:20-CV-02860-JSW, 2021 WL 940319, at *2 (N.D. Cal.

### 3. Party Exemption

Defendant's next argument is based on the party exemption rule. Under this rule, a party to a communication cannot be held liable under section 631(a) for eavesdropping on its own conversation. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (stating CIPA contains "an exemption from liability for a person who is a 'party' to the communication"). District courts in California are split on whether this exemption extends to third parties, particularly, third party software providers. *See Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 899-901 (N.D. Cal. 2023) (discussing two lines of cases). Some courts hold that software providers who embed code onto a party's website do not fall within the party exemption. *Id.* at 899 (citing cases). Other courts hold these kinds of software providers are simply extensions of the website owner, bringing them within the party exemption. *Id.* (citing cases).

In this case, Defendant asserts CarNow acted simply as an extension of Defendant, therefore CarNow is entitled to the party exemption. Plaintiff argues the decisions extending the party exemption to third parties "were wrongly decided," (Mem. of P. & A. in Supp. of Opp'n to Mot. at 4), and urges the Court to disregard those cases.

The Court has reviewed both lines of cases on this issue and is inclined to agree with those courts that have declined to extend the party exemption to third parties. *See D'Angelo*, 2023 WL 7006793, at *7 (S.D. Cal. Oct. 24, 2023); *Nationwide*, 2023 WL 5266033, at *7; *Javier*, 649 F.Supp.3d at 900; *Saleh v. Nike, Inc.*, 562 F.Supp.3d 503 (C.D. Cal. 2021); *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019). In *Saleh*, the court found the third party "did not become a 'party' to the communication simply because it was providing recording and transmission services for" a party. 562 F.Supp.3d at 521. The court reasoned, "[t]he text of section

---

Mar. 9, 2021) (quoting *In re Google*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *12 (N.D. Cal. Sept. 26, 2013) (stating "consent 'is not an all-or-nothing proposition.'")

631(a) … does not contain any such exception, and indeed," an interpretation that extends the party exemption to third parties "would vitiate the statute's protections." *Id.* at 520.

The *Javier* court also declined to extend the party exemption to third parties for two different reasons:

> The first [reason] is that it interprets the second prong of the statute—"willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit"—based on the intentions and usage of the prospective third party.

649 F.Supp.3d at 900. This interpretation would subsume the third prong of the statute, which "already penalizes 'use'—'us[ing], or attempt[ing] to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained.'" *Id.* (quoting Cal. Penal Code § 631(a)). In other words, "reading a use requirement into the second prong would add requirements that are not present (and swallow the third prong in the process)." *Id.* The *Javier* court continued:

> The second problem with this view is that it was not the California Supreme Court's stated rationale in *Ribas[4]*: The *Ribas* Court did not consider the wife's friend's intention or the use to which they put the information they obtained. Instead, it emphasized the privacy concerns at issue with having an "unannounced second auditor" listening in on the call, when Section 631 concerns "the right to control the nature and extent of the firsthand dissemination of [their] statements."

*Id.* (quoting *Ribas*, 38 Cal. 3d at 360-61).[5] This Court finds the reasoning of *Saleh* and *Javier* persuasive, and is inclined to find that the party exemption does not extend to third parties.

---

[4] In *Ribas v. Clark*, 38 Cal. 3d 355 (1985), the California Supreme Court addressed whether a wife could be held liable under CIPA for allowing her friend to eavesdrop on a telephone conversation between herself and her husband.

[5] The *Javier* court also rejected the defendant's argument "that the ubiquity of third-party tools like ActiveProspect's software 'would force websites to either expressly disclose' the

Nevertheless, the Court need not reach that conclusion here because even if the Court were to find the party exemption applied to third parties, Plaintiff has alleged sufficient facts to avoid application of that exemption to CarNow on the present motion. As Defendant explains it, the party exemption applies only where the third party simply records information and makes it available to the defendant. (Mem. of P. & A. in Supp. of Mot. at 12-13.) If the third party uses the information for its own purposes, it is no longer simply an extension of the party, and hence not entitled to the party exemption. (*Id.*) Here, Plaintiff alleges sufficient facts to bring CarNow outside the exemption. Specifically, he alleges CarNow "exploits and monetizes" the data collected through the code embedded on Defendant's website "by sharing it with other third parties who use the private chat data to bombard unsuspecting visitor[s] with targeted marketing." (FAC at 2; *see also id.* ¶ 15 (stating "chat transcripts intercepted by CarNow are provided to Meta through 'integration'" and "Meta brands like Facebook and WhatsApp bombard the unsuspecting Website visitors with targeted advertising based upon the user's Website visits and interactions.") He also alleges "CarNow uses its record of Website user's interaction with Defendant's chat feature for data analytics and marketing/advertising to consumers – indeed, that is why Defendant pays CarNow for its software." (*Id.* ¶ 17.)

Defendant argues these allegations are too vague and conclusory to withstand the present motion, but the Court disagrees. They are specific, factual allegations, which are entitled to a presumption of truth on the present motion. As so construed, Plaintiff has alleged sufficient facts to withstand Defendant's motion to dismiss based on the party

---

presence of those tools, or 'create those tools in-house.'" *Id.* The defendant argued that mandating disclosure would be "'technologically impractical and far from user-friendly'" and that creating the tools in-house would be "'wildly inefficient.'" *Id.* The court was not persuaded. It stated "[t]he acquisition of consent when visiting websites (for the collection of cookies, for example) is a regular occurrence and hardly particularly 'technologically impractical.'" *Id.*

exemption. *Garcia*, 2023 WL 5736006, at *4 (finding similar allegations sufficient to overcome party exemption).[6]

### D. State of Mind

Defendant's final argument for dismissal is that Plaintiff has failed to allege the requisite scienter to support a claim for aiding and abetting. Defendant argues Plaintiff must allege it acted with (1) knowledge that CarNow intended to violate CIPA and (2) intent to commit, encourage, or facilitate CarNow's commission of the offense. (Mem. of P. & A. in Supp. of Mot. at 14.) Plaintiff disputes Defendant's statement of the law, and asserts he has alleged sufficient facts to support his aiding and abetting claim.

Neither side has cited any cases addressing the scienter requirement for aiding and abetting claims under section 631(a), clause four. The plain text of the statute imposes liability on any person "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned" in clauses one through three. Cal. Penal Code § 631(a). However, the statute does not define these terms or the broader concept of "aiding and abetting." Under these circumstances, the court considers "the common law definition of aiding and abetting." *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325 (1996). Under this definition, a person may be held liable as an aider and abettor if they:

> (a) know[ ] the other's conduct constitute[s] a breach of duty and give[ ] substantial assistance or encouragement to the other to so act or (b) give[ ] substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.

---

[6] In light of the Court's finding that Plaintiff has alleged sufficient facts to support a predicate claim against CarNow under clause two, the Court rejects Defendant's argument that Plaintiff has failed to state a predicate claim against CarNow under clause three. *See Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636, at *11 (E.D. Cal. Mar. 30, 2023) ("A finding of a violation under the third clause of § 631(a) is contingent on a finding of a violation of the first or second clause of § 631(a).")

*Saunders v. Superior Court*, 27 Cal. App. 4th 832 845 (1994) (citations omitted); *see Fiol*, 50 Cal. App. 4th at 1325–26 (applying common-law civil aiding-abetting principles where California's Fair Employment and Housing Act allowed for civil aiding-abetting liability for employment discrimination claim but provided no statutory standard); *cf. Twitter, Inc. v. Taamneh*, 598 U.S. 471, 483–85 (2023) (quoting 18 U.S.C. § 2333(d)(2)) (concluding the "common-law tradition" supplies the "proper legal framework" for "civil aiding and abetting" liability where a federal statute imposes civil liability upon a person "who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism" but does not define the term "aids and abets").

Here, Plaintiff asserts facts to support the substantial assistance prong of his aiding and abetting claim by alleging that Defendant embedded CarNow's software code into its website. On the knowledge prong, Plaintiff argues the Court can infer Defendant's knowledge based on CarNow's "wiretapping and eavesdropping" in violation of CIPA. (Mem. of P. & A. in Supp. of Opp'n to Mot. at 18.) However, at this stage of the case, there has been no finding that CarNow was engaged in wiretapping or eavesdropping, and even if there was such a finding, that would not speak to Defendant's knowledge. Absent factual allegations on that specific issue, Plaintiff has failed to state an aiding and abetting claim against Defendant.

## III.
## CONCLUSION AND ORDER

For the reasons set out above, the Court grants Defendant's motion to dismiss. Consistent with Plaintiff's request, the Court grants Plaintiff leave to file a Second Amended Complaint that cures the pleading deficiency related to the knowledge element of his aiding and abetting claim only. Plaintiff is cautioned that if his Second Amended

///

///

///

1  Complaint does not cure this deficiency, his case will be dismissed with prejudice and
2  without further leave to amend.  If Plaintiff elects to file a Second Amended Complaint,
3  he shall do so on or before **February 20, 2024**.

**IT IS SO ORDERED**.

Dated:  February 12, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court