UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UAG ESCONDIDO A1 INC., a Delaware corporation, dba ACURAOFESCONDIDO.COM, and DOES 1 through 10, inclusive<br><br>　　　　　　　　　　　Defendants. | Case No.: 23cv0102 DMS(KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　　As set out in the Court's orders on Defendant's two previous motions to dismiss, (*see* ECF Nos. 13, 23), this case arises out of Plaintiff's experience with the chat feature on Defendant's website www.acuraofescondido.com. Specifically, Plaintiff alleges his chats with Defendant were monitored, intercepted, or recorded without his consent by third-party CarNow. According to Plaintiff, Defendant allowed CarNow to embed its chat technology code on Defendant's website, and that code "enables and allows CarNow to secretly intercept in real time, eavesdrop upon, and store transcripts of consumers' chat communication they think they are having with Defendant, even when such conversations are private and contain personally identifiable information ('PII') – as Plaintiff's did." (Second Am. Complaint ("SAC") ¶ 10.)

  Originally, Plaintiff alleged that Defendant's conduct violated all four clauses of California Penal Codes §§ 631(a). On Defendant's first motion to dismiss, the Court dismissed with prejudice Plaintiff's claims under the first three clauses, and dismissed without prejudice the claim under the fourth clause, which makes it unlawful for any person to "aid[ ], agree[ ] with, employ[ ], or conspire[ ]" to violate one of the preceding clauses of the statute. Cal. Penal Code § 631(a). Plaintiff then filed a First Amended Complaint, to which Defendant filed another motion to dismiss. That motion was also granted, again without prejudice and with leave for Plaintiff "to file a Second Amended Complaint that cures the pleading deficiency related to the knowledge element" of his claim under clause four. Plaintiff has since filed his SAC, and Defendant now moves to dismiss the SAC with prejudice and without further leave to amend.

  Section 631(a), clause four imposes liability on those who "who aid[ ], agree[ ] with, employ[ ], or conspire[ ]" with any person who violates the preceding clauses. Cal. Penal Code § 631(a). In the Court's order on Defendant's previous motion to dismiss, the Court construed this clause as an "aiding and abetting" clause, and held that to state a claim under this clause Plaintiff must set forth facts to support two elements, namely (1) that Defendant knew CarNow's conduct constituted a breach of duty and (2) that Defendant gave substantial assistance or encouragement to CarNow to so act. (ECF No. 23 at 11-12.) The Court found Plaintiff pleaded sufficient facts to support the second element, but not the first. The issue here is whether Plaintiff has pleaded sufficient facts in his SAC to support the first element of Defendant's knowledge.

  Before turning to this issue, however, the Court must first address Plaintiff's disagreement with the Court's interpretation of the "aids, agrees with, employs, or conspires with" language of clause four.[1] Plaintiff argues this language should not be

---

[1] The Court notes its interpretation of clause four is "law of the case." *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154

construed as an "aiding and abetting" provision, but should instead be construed according to its plain language.

In support of this argument, Plaintiff relies on *Cousin v. Sharp Healthcare*, 681 F.Supp.3d 1117 (S.D. Cal. 2023), wherein the court rejected the defendant's argument that the statutory language be construed as an "aiding and abetting" provision. *Id.* at 1130. The court offered two rationales for that conclusion. First, it stated that interpreting the statute as an "aiding and abetting" provision "ignores the 'agrees with, employs, or conspires with' language" of the statute. *Id.* The court also noted the lack of any authority to support the defendant's interpretation. *Id.*

On the first rationale, the *Cousin* court is correct that clause four does not include the word "abet." However, clause four does require that the accused "aids, agrees with, employs, or conspires with any person or persons to *unlawfully* do, or permit, or cause to be done any of the acts or things" set out in clauses one and two. Cal. Penal Code § 631(a) (emphasis added). The only way one could "unlawfully" commit one of those acts is by acting "intentionally" or "willfully." *Id.* Thus, the absence of the word "abet" does not negate any requirement of knowledge or intent under clause four.

This conclusion is buttressed by the criminal nature of section 631. As stated above, the first two clauses of section 631 require a showing of intentional or willful conduct, respectively. *See* Cal. Penal Code § 631(a). Under aiding and abetting principles of criminal law, liability under clause four could only arise if the defendant *knew* the perpetrator intended to commit the crime and *intended* to aid and abet the perpetrator in committing the crime. *See* CALCRIM 401. Plaintiff's interpretation of clause four

---

(9th Cir. 1993)) (stating "law of the case" doctrine generally precludes a court "'from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'") The Court also notes that Plaintiff did not move for reconsideration of the Court's previous order, and he failed to address the factors warranting departure from the law of the case in his opposition to the present motion. Nevertheless, the Court will address Plaintiff's arguments.

ignores the criminal nature of section 631, and the aiding and abetting principles applicable to criminal statutes.

Plaintiff's interpretation also ignores that "[i]n the absence of an explicit statutory scienter requirement, in California civil actions, the common law definition [of aiding and abetting] applies." *Valenzuela v. Kroger Co.*, No. CV 22-6382-DMG (AGRx), 2024 WL 1336959, at *4 (C.D. Cal. Mar. 28, 2024). That was the rationale for this Court's previous interpretation of clause four, and two courts have now followed that approach. *See id.* (quoting *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325-26 (1996)) (stating liability under clause four may be imposed "'if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.'"); *Rodriguez v. Ford Motor Co.*, ___ F.Supp.3d ___, 2024 WL 1223485, at *15 (S.D. Cal. Mar. 21, 2024) (adopting this Court's reasoning on previous motion to dismiss this case). In light of the above, the Court is not persuaded that the absence of the word "abet" in clause four negates any knowledge or intent requirement.

As for the *Cousin* court's second rationale, namely the lack of authority to support the defendant's argument, the Court notes that since *Cousin*, other courts have interpreted clause four as an "aiding and abetting" provision. *See Heiting v. Taro Pharmaceuticals USA, Inc.*, ___ F.Supp.3d ___, 2024 WL 1626114, at *4 (C.D. Cal. Apr. 2, 2024) (referring to clause four as "aiding and abetting provision"); *Valenzuela*, 2024 WL 1336959, at *4 (same); *B.K. v. Desert Care Network*, No. 2:23-cv-05021 SPG (PDx), 2024 WL 1343305, at *6 (C.D. Cal. Feb. 1, 2024) (same). In light of this authority, and the reasoning set out above, the Court rejects Plaintiff's interpretation of clause four, and reaffirms its previous finding that clause four contains a knowledge requirement.

The only issue that remains, then, is whether Plaintiff has alleged sufficient facts in the SAC to support that requirement. Plaintiff points to a number of new allegations to demonstrate the sufficiency of his pleading, (*see* Opp'n to Mot. at 11-12 ), but none of

those allegations show Defendant knew CarNow's conduct would breach some duty owed to Plaintiff or that CarNow intended to violate section 631.  Rather, Plaintiff's allegations simply restate that Defendant deployed CarNow's messaging feature onto its website, (SAC at 10, ¶ 38) and that CarNow makes certain representations to its customers about the benefits of its services.  (*Id.* ¶¶ 39-40.)  None of these allegations addresses Defendant's knowledge, and thus Plaintiff has failed to state a claim under clause four.[2]

For these reasons, the Court grants Defendant's motion to dismiss.  Consistent with the Court's previous order, Plaintiff's case is dismissed with prejudice and without further leave to amend.  The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated:  August 5, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] In light of this holding, the Court declines to address Defendant's additional argument that Plaintiff has failed to state a claim because he does not allege his purported communications included content protected by section 631(a).